GREATER PACIFIC LAW OFFICE, LLLC

DAVID R. SQUERI        #8714-0
1003 Bishop Street, Suite 2700
Honolulu Hawaii, 96813
Telephone:  (808) 426-7918
Facsimile:   (808) 435-3001
Email: squeri@greaterpacificlaw.com

Attorney for Plaintiff
DANIEL RODERICK TALHELM

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL RODERICK TALHELM | CIVIL NO. |
| Plaintiffs, | _____<br>(Other Civil Action |
| v. | |
| DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT LLC, a Delaware Limited Liability Company; DIAMOND RESORTS FINANCIAL SERVICES, INC., a Nevada Corporation; DIAMOND RESORTS DEVELOPER AND SALES HOLDING COMPANY, a Delaware Corporation; WEST MAUI RESORT PARTNERS, L.P., a Delaware Limited Partnership; TODD BROWN; and DOE DEFENDANTS 1-100, | **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |
| Defendants. | |

1

# COMPLAINT

COMES NOW Plaintiff DANIEL RODERICK TALHELM (hereinafter "Plaintiff") for his complaint against Defendants DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT LLC, a Delaware Limited Liability Company; DIAMOND RESORTS FINANCIAL SERVICES, INC., a Nevada Corporation; DIAMOND RESORTS DEVELOPER AND SALES HOLDING COMPANY, a Delaware Corporation; WEST MAUI RESORT PARTNERS, L.P., a Delaware Limited Partnership (hereinafter, collectively "DRI Defendants"); TODD BROWN (hereinafter "Defendant Brown"); and DOE DEFENDANTS 1-100 (hereinafter, collectively "Doe Defendants") (hereinafter, DRI Defendants, Defendant Brown, and Doe Defendants, collectively, "Defendants"), alleges and avers as follows.

1. At all times relevant, the Plaintiff was and is a resident of the State of Michigan.

2. At all times relevant, Defendant DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT LLC is and was a Delaware Limited Liability Company located in Las Vegas, Nevada, conducting business in the State of Hawaii.

3. At all times relevant, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT LLC is and was a Delaware Limited Liability Company located in Las Vegas, Nevada, conducting business in the State of Hawaii.

2

4. At all times relevant, DIAMOND RESORTS FINANCIAL SERVICES, INC. is and was a Nevada Corporation located in Las Vegas, Nevada, and was and is not authorized to conduct business in the State of Hawaii.

5. At all times relevant, DIAMOND RESORTS DEVELOPER AND SALES HOLDING COMPANY is and was a Delaware Corporation located in Las Vegas, Nevada, and was and is not authorized to conduct business in the State of Hawaii.

6. At all times relevant, WEST MAUI RESORT PARTNERS, L.P. is a Delaware Limited Partnership located in Las Vegas, Nevada, conducting business in the State of Hawaii.

7. Defendant Brown is a natural person, who resides in the State of Hawaii.

8. DOE DEFENDANTS 1-100 are persons and entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to are persons and/or entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff but who, in some manner presently unknown to Plaintiff, owe or may owe amounts to Plaintiff, is in possession of property that is the subject of this action, and/or is associated with and/or has involvement in the subject matter of this action, and/or has otherwise caused the Plaintiff to suffer damages. Doe Defendants acted in a breach or tortious manner in their involvement and/or connection with the management

and/or transference of assets from Defendants or other matters.  Doe Defendants approximately caused or contributed to injuries and/or damages sustained by Plaintiff.  In an effort to ascertain the true names and identities of these parties, Plaintiff has reviewed its records and files and duly investigated using the public records of the Hawaii Department of Commerce and Consumer Affairs (DCCA), internet searches, and other means.  Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date.  Accordingly, Plaintiffs have sued the unidentified Doe Defendants herein with fictitious names and Plaintiffs will substitute the true names, identities, capacities, acts and/or admissions of the Doe Defendants when the same are ascertained.

9. At times relevant, DRI Defendants were and are a group of business entities that occupy the same physical address of 10600 W. Charleston Blvd., Las Vegas, Nevada 89135.

10. At all times relevant, DRI Defendants were and are a group of business entities that work collectively and/or cooperatively in the business of selling and/or collecting fees for memberships in time sharing plans, commonly referred to as timeshares, in the State of Hawaii.

11.  At all times relevant, DRI Defendants were and are a group of business entities that work collectively and/or cooperatively in the business of selling and/or

collecting fees for memberships in time sharing plans under the trade name
Diamond Resorts and/or under a name or names derived from and/or similar
thereto.

12. At all times relevant, DRI Defendants were and are a group of business
entities that do business as and/or work collectively and/or cooperatively with
other business entities doing business under the trade name Diamond Resorts
International and/or under a name or names derived from and/or similar thereto.

13. At all times relevant herein, the DRI Defendants were and are
collectively acting onto each other collectively as agents, subagents, employees,
independent contractor, partners, co-ventures, co-conspirers, aid and abettors,
and/or alter egos within the scope of agency, authority or employment, and as such
they are jointly and severally liable for damages arising out of the breach, tortious
or illegal conduct alleged herein.

14. At all times relevant, Defendant Brown was and is an employee,
independent contractor, representative, and/or agent of one or more of the DRI
Defendants.

15. At all times relevant, Defendant Brown sold and currently sells the
aforementioned memberships in time sharing plans, commonly referred to as
timeshares, in the State of Hawaii on behalf of one or more of the DRI Defendants.

16. At all times relevant, the Defendants collectively and/or individually

5

each had a role in the selling, management of, and/or the collection of fees

regarding a time sharing plan, commonly referred to as a timeshare, sold to the

Plaintiff (hereinafter "Timeshare Plan") in the State of Hawaii which is the subject

of this dispute.

## JURISDICTION AND VENUE

17. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332

because the plaintiff is a resident of a different state from each of the defendants

and because the value of the matter in controversy exceeds $75,000.

18. Venue in this district is proper under 28 U.S.C. if 1391(b), because a

substantial part of the events or omissions giving rise to this action occurred in this

judicial district and/or Defendants are located within this judicial district.

## NATURE OF THE CASE

19. This case arises out of a dispute regarding false misrepresentations made

to Plaintiff in the sales presentation of the Timeshare by the Defendant Brown, in

which, to Plaintiff's detriment, Plaintiff relied upon in deciding to purchase the

Timeshare.

20. This case also arises out of a dispute regarding the DRI Defendants

failure to cancel the Contract upon  timely notice of termination by Plaintiff, as

required under Hawaii Revised Statutes § 514E-8.

21. This case also arises out of a dispute regarding the DRI Defendants

failures to comply with other requirements imposed under Hawaii Revised Statutes, Chapter 514E.

## ALLEGATIONS COMMON TO ALL COUNTS

22. In or around January of 2015, the Plaintiff purchased a temporary trial timeshare membership from one or more of the DRI Defendants, and became the target of aggressive sales tactics designed to induce the purchase of a regular timeshare membership.

23. The Plaintiff was the subject of an aggressive sales presentation by Defendant Brown.

24. The Defendant Brown's sales tactics included prolonging the length of the sales presentations to tire and pressure the Plaintiff.

25. The Defendant Brown's sales tactics included making false misrepresentations regarding the services that the Plaintiff would receive under the Timeshare Plan.

26. Defendant Brown falsely misrepresented to Plaintiff that the DRI Defendants had purchased the Kayak internet reservation company[1].

27. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff

---

[1] https://www.kayak.com

could locate on the internet.

28. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff could locate on Airbnb[2] internet reservation website.

29. Relying on the representations of Defendant Brown, the Plaintiff decided to purchase the Timeshare Plan.

30. The unlawful tactics of Defendant Brown were created, promoted, authorized, encouraged, and/or approved by the DRI Defendants as part of its sales strategy.

31. In the alternative, the DRI Defendants failed to adequately manage and/or control Defendant Brown and to protect consumers from his unlawful, misleading, and/or deceptive sales tactics.

32. The Plaintiff entered into a Credit Sale Contract (hereinafter "Purchase Contract") on or about January 25, 2016.

33. The DRI Defendants submitted the details of and required disclosures regarding the material terms and conditions of the Timeshare Plan, including the membership ID number,  to the Plaintiff in a packet of documents (hereinafter, collectively "Membership Materials").

---

[2] https://www.airbnb.com

34. The Disclosure Statement on Diamond Resorts Hawaii Collection (hereinafter "Disclosure Statement") required under Hawaii Revised Statutes, Chapter 514E was included within and was a material part of the Membership Materials.

35. At the time of execution of the Purchase Contract, the DRI Defendants agreed to send the Membership Materials to the Plaintiff at this home residence.

36. The Plaintiff was unable to verify and/or lacked the means to verify the information provided by Defendant Brown in his sales presentation until receiving the Membership Materials.

37. The Plaintiff was unable to fully understand the terms of and/or investigate the details of the Timeshare Plan until receiving and reviewing the said Membership Materials.

38. The Plaintiff was unable to investigate and/or discover the falsity of the representations of Defendant Brown until receiving the said Membership Materials.

39. The Plaintiff received the said Membership Materials with the Disclosure Statement by Federal Express Delivery on March 10, 2016.

40. Upon review of the said Membership Materials, the Plaintiff was unable to find information verifying, explaining, and/or supporting the representations made to the Plaintiff by Defendant Brown during the sales presentation.

41. On numerous occasions the Plaintiff attempted to contact Defendant

Brown for clarification and/or explanation of the terms of the Timeshare Plan and obtain confirmation of the representations made by Defendant Brown during the sales presentation.

42. The Plaintiff's attempts to gain clarification and/or explanation of the terms of the Timeshare Plan and efforts to obtain confirmation of Defendant Brown's representations were ignored and/or avoided by Defendant Brown.

43. Defendant Brown's actions in ignoring and/or avoiding inquiry by the Plaintiff were intended to cause delay and to obstruct the Plaintiffs inquiry.

44. Among other reasons, Defendant Brown's actions in ignoring and/or avoiding inquiry by the Plaintiff were intended to delay inquiry in order to allow the statutory mandated term for cancellation to expire before Plaintiff could understand the actual and true terms and conditions of the Timeshare Plan.

45. On numerous occasions the Plaintiff attempted to contact one or more of the DRI Defendants for clarification and/or explanation of the actual terms of the Timeshare Plan and to obtain confirmation of Defendant Brown's representations.

46. The Plaintiff's attempts to gain clarification and/or explanation of the true and actual terms of the Timeshare Plan and/or obtain confirmation of Defendant Brown's representations were ignored and/or avoided by the DRI Defendants.

47. The DRI Defendants' actions in ignoring and/or avoiding inquiry by the

Plaintiff were, among other reasons, intended to cause delay with the intent of allowing the statutory mandated term for cancellation to expire before Plaintiff could understand the true and actual terms and conditions of the Timeshare Plan.

48. The Plaintiff issued notice of termination of the Purchase Contract and cancelation of his purchase of the Timeshare Plan on March 16, 2016.

49. The Plaintiff issued written notice of cancellation of the Purchase Contract within seven calendar days after the Plaintiff's receipt of the Disclosure Statement.

50. Pursuant to Hawaii Revised Statutes, Chapter 514E the Plaintiff is entitled to cancelation of the Purchase Contract and the full return of any and all monies that Plaintiff paid to the DRI Defendants.

51. The DRI Defendants have refused to cancel the Purchase Contract and/or refund the amount of the payment(s) made by the Plaintiff.

52. The Plaintiff has not received a disclosure statement regarding THE Club exchange program.

53. The Plaintiff has not received a disclosure statement regarding the Interval International exchange program.

54. The Plaintiff has not received a full disclosure from the DRI Defendants, as required under Hawaii Revised Statutes, Chapter 514E.

55. Defendants have acted wantonly or oppressively or with such malice as

implies a spirit of mischief or criminal indifference to civil obligations, or where

there has been some wilful misconduct or that entire want of care which would

raise the presumption of a conscious indifference to consequences.

<u>COUNT I</u>
<u>CIVIL CONSPIRACY</u>

56. Plaintiff realleges and reincorporates herein by reference the paragraphs

above as if the same were set forth in their entirety.

57. Defendants were and are involved in a civil conspiracy to deprive

Plaintiff of his property and legal rights.

58. Defendants were and are involved in a civil conspiracy to violate Hawaii

Revised Statutes, Chapter 514E, and to deny the Plaintiff of the rights and

protections provided thereunder.

59. Defendants were and are involved in a civil conspiracy to commit unfair

and deceptive business practices against Plaintiff, in violation of Hawaii Revised

Statutes, Chapter 480.

60. The wrongful and unlawful actions are as further alleged in this

Complaint, in which all Defendants are believed to have participated in, planned,

and/or assisted within the scope of their civil conspiracy.

61. As a direct and proximate cause of the actions taken under this civil

conspiracy by Defendants, Plaintiff has suffered damages as set forth herein and

has been damaged in amounts to be proven at trial.

## COUNT II
## VICARIOUS LIABILITY

62. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

63. Defendant Brown was acting as an agent for one or more of the DRI Defendants and his acts have been ratified under the agency relationship.

64. The wrongful and unlawful actions of Defendant Brown, as further alleged in this Complaint, were committed within the scope of an agency relationship, and the master of the said agency relationship is vicariously liable for the actions of its agents.

65. One or more of the DRI Defendants were acting as an agent for one or more of the other DRI Defendants and, its acts have been ratified under the agency relationship.

66. The wrongful and unlawful actions of one or more of the DRI Defendants, as further alleged in this Complaint, were committed within the scope of an agency relationship, and the master of the said agency relationship is vicariously liable for the actions of its agents.

## COUNT III
## FRAUD

67. Plaintiff realleges and reincorporates herein by reference the paragraphs

above as if the same were set forth in their entirety.

68. Defendant Brown's sales tactics included false misrepresentations regarding the services that the Plaintiff would receive under the Timeshare Plan.

69. Defendant Brown falsely misrepresented to Plaintiff that the DRI Defendants had purchased the Kayak internet reservation company.

70. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff could locate on the internet.

71. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff could locate on Airbnb internet reservation website.

72. Relying on the representations of Defendant Brown, the Plaintiff decided to purchase the Timeshare Plan.

73. Defendant Brown made false representations to the Plaintiff in contemplation of Plaintiff's reliance upon them.

74. At the time of making the false representations Defendant Brown had knowledge of their falsity.

75. In the alternative, at the time of making the false representations

14

Defendant Brown was without knowledge of their truth or falsity, and acted with reckless disregard for their falsity.

76. The Plaintiff relied upon the false of representation to his detriment.

77. As a direct and proximate cause of the fraud perpetrated by Defendant Brown, Plaintiff has suffered damages as set forth herein and to be proven at trial.

COUNT IV
FRAUDULENT INDUCEMENT

78. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety

79. Defendant Brown's sales tactics included false misrepresentations regarding the services that the Plaintiff would receive under the Timeshare Plan.

80. Defendant Brown falsely misrepresented to Plaintiff that the DRI Defendants had purchased the Kayak internet reservation company.

81. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff could locate on the internet.

82. Defendant Brown falsely misrepresented to Plaintiff that the Timeshare Plan included an additional benefit of a twenty percent (20%) discount off the posted price of "virtually any" rental accommodation property that the Plaintiff could locate on Airbnb internet reservation website.

83. Relying on the representations of Defendant Brown, the Plaintiff purchased the Timeshare Plan.

84. Defendant Brown made representations of material facts for the purpose of inducing the Plaintiff to act.

85. Defendant Brown knew the representations to be false.

86. The representations were reasonably believed true by the Plaintiff.

87. The Plaintiff relied and acted on the said representations to his detriment, resulting in damage.

88. As a direct and proximate cause of the Defendant Brown's fraudulent inducement, Plaintiff has suffered damages as set forth herein and to be proven at trial.

<u>COUNT V</u>
<u>NEGLIGENT, INTENTIONAL AND/OR FRAUDULENT
MISREPRESENTATION</u>

89. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

90. The Defendant Brown supplied false information to Plaintiff as a result of the failure to exercise reasonable care or competence in communicating the information.

91. In the alternative, Defendant Brown made false representations to Plaintiff without the exercise of due care and/or any reasonable grounds for

believing the truth thereof.

92. In the alternative, Defendant Brown knew that the misrepresentations were false when made, or the representations were made recklessly without knowledge of whether it was true or false.

93. Defendant Brown made the said false representations with the expectation and/or foreknowledge that the Plaintiff would rely on them.

94. Defendant Brown made the representations for the purpose of inducing Plaintiff's reliance.

95. Plaintiff was unaware of the falsity of the representations, reasonably acted in reliance upon the representations, and was justified in relying upon the representations.

96. As a direct and proximate cause of the Defendant Brown's misrepresentations, Plaintiff has suffered damages as set forth herein and to be proven at trial.

COUNT VI
UNJUST ENRICHMENT

97. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

98. Plaintiff conferred a benefit upon the Defendants.

99. The retention of that benefit by the Defendants would be unjust.

100. The Defendants have been unjustly enriched at the expense of Plaintiff

and are required to make restitution.

101. Plaintiff has suffered damages as set forth herein and/or is entitled to restitution from Defendants in an amount to be proven at trial.

COUNT VII
VIOLATION OF HAWAII REVISED STATUTES § 514E-8

102. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

103. Pursuant to Hawaii Revised Statutes § 514E-8, within seven calendar days after the Plaintiff's receipt of the Disclosure Statement the Plaintiff was able to cancel the contract without penalty.

104. The Plaintiff received the Disclosure Statement on March 10, 2016.

105. The Plaintiff submitted his notice of termination on March 16, 2016.

106. The Plaintiff cancelled the Purchase Contract "within seven calendar days after the purchaser's receipt of [the] disclosure statement" pursuant to Hawaii Revised Statutes § 514E-8.

107. The Plaintiff duly and timely voiced intent to cancel the Purchase Contract and was therefore entitled to the cancelation of the Purchase Contract and the full return of any and all monies that the Plaintiff had paid to the DRI Defendants.

108. Accordingly, the Purchase Contract is void and Defendants are

required to repay any and all funds paid by the Plaintiff under the Purchase Contract.

109. The DRI Defendants have refused to cancel the Purchase Contract.

110. The DRI Defendants have refused to refund the monies that the Plaintiff has paid for the Timeshare Plan under the Purchase Contract.

111. Based on the foregoing, Plaintiff has suffered damages as set forth herein and to be proven at trial, and/or is entitled to relief as provided under Hawaii Revised Statutes, Chapter 514E.

COUNT VIII
VIOLATION OF HAWAII REVISED STATUTES § 514E-9.1

112. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

113. Hawaii Revised Statutes § 514E-9.1 provides that separate writing provide above the signature line in bold type and capital letters, the following statement:

> ANY PURCHASER HAS UNDER THE LAW A SEVEN-DAY RIGHT OF RESCISSION OF ANY TIME SHARING SALES CONTRACT. PURCHASERS SHOULD READ THE DISCLOSURE STATEMENT BEFORE THE SEVEN-DAY RIGHT OF RESCISSION PERIOD EXPIRES.

114. The Purchase Contract abridges the required consumer warning to read only: "ANY PURCHASER HAS UNDER THE LAW A SEVEN-DAY RIGHT

19

OF RESCISSION OF ANY TIME SHARING SALES CONTRACT."

115. The failure to include a full and unabridged Hawaii Revised Statutes § 514E-9.1 consumer warning constitutes a violation of Hawaii Revised Statutes, Chapter 514E.

116. Based on the foregoing, Plaintiff has suffered damages as set forth herein and to be proven at trial, and/or is entitled to relief as provided under Hawaii Revised Statutes, Chapter 514E.

COUNT IX
VIOLATION OF HAWAII REVISED STATUTES § 514E-11

117. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

118. Pursuant to Hawaii Revised Statutes § 514E-11, it is a violation of Hawaii Law for any sales agent or acquisition agent of time share units or plans to misrepresent or deceptively represent any material fact concerning the time share plan or time share unit.

119. The Defendant Brown misrepresented and/or deceptively represented matters of material fact concerning the Timeshare plan in this sales presentation to Plaintiff.

120. The Defendant Brown's violation of Hawaii Revised Statutes § 514E-11 constitutes an unlawful or deceptive practice within the meaning of Hawaii

Revised Statutes § 480-2.

121. Based on the foregoing, Plaintiff has suffered damages as set forth

herein and to be proven at trial, and/or is entitled to relief as provided under

Hawaii Revised Statutes, Chapter 514E and/or Chapter 480.

COUNT X

VIOLATION OF HAWAII REVISED STATUTES § 514E-11.1

122. Plaintiff realleges and reincorporates herein by reference the

paragraphs above as if the same were set forth in their entirety.

123. The Defendants misrepresented the Plaintiff's right to cancel or void

the Purchase Contract.

124. The Defendants failed and/or refused to honor the Plaintiff's notice of

cancellation of the Purchase Contract.

125. The Defendants violations include failed and/or refused to refund all

payments made under the contract or sale within fifteen business days after receipt

of notice of Plaintiff's cancellation of the Purchase Contract.

126. The Defendants failed and/or refused to cancel and return any

negotiable instrument executed by the purchaser in connection with the Purchase

Contract or sale and take any appropriate action to terminate promptly any

mortgage, lien, or other security interest created in connection with the transaction

after receipt of notice of Plaintiff's cancellation of the Purchase Contract.

21

127. Therefore, the Defendants have violated Hawaii Revised Statutes § 514E-11.1 and have engaged in behavior constituting unfair or deceptive practices within the meaning of Hawaii Revised Statutes, Chapter 480.

128. Based on the foregoing, Plaintiff has suffered damages as set forth herein and to be proven at trial, and/or is entitled to relief as provided under Hawaii Revised Statutes, Chapter 514E and/or Chapter 480.

<u>COUNT XI</u>
<u>VIOLATION OF HAWAII REVISED STATUTES, CHAPTER 480</u>

129. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

130. The foregoing wrongful acts and omissions committed by the Defendants in the course of their business operations and business dealing with Plaintiff constitute unfair and deceptive acts or practices, in violation of Hawaii Revised Statutes, Chapter 480.

131. The business practices, as alleged herein, of the Defendants offend established public policy and are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

132. As a direct and proximate result of the violation of Hawaii Revised Statutes, Chapter 480 by the said Defendants, Plaintiff has suffered damages as set forth herein and to be proven at trial and/or is entitled to relief as provided under

Hawaii Revised Statutes, Chapter 480.

## COUNT XII
## ALTER EGO

133. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

134. The corporate entity is disregarded where it is used as a cloak or cover for fraud or illegality, to work an injustice, or where necessary to achieve equity.

135. Each of the DRI Defendants is the alter ego of other DRI Defendants, and therefore Plaintiff is entitled to a judgement against all DRI Defendants collectively, jointly, and severally for the damages suffered by Plaintiff.

## COUNT XIII
## CONVERSION AND/OR MISAPPROPRIATION

136. Plaintiff realleges and reincorporates herein by reference the paragraphs above as if the same were set forth in their entirety.

137. Defendants have converted to her own use the certain monies that are required to be paid to Plaintiff upon termination of the Purchase Contract.

138. As a direct and proximate cause of the conversion of monies by the Defendants rightfully belonging to Plaintiff, Plaintiff has suffered damages as set forth herein and to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for:

A. An award of general and specific damages in an amount to be proven at trial;

B. A ruling declaring the Purchase Contract void and requiring repayment to Plaintiff of any and all funds made by the Plaintiff to Defendants pursuant thereto;

C. An award for relief, as provided under Hawaii Revised Statutes, Chapter 514E;

D. An award for relief, as provided under Hawaii Revised Statutes, Chapter 480;

E. An award for the greater of $1,000 or treble damages, pursuant to Hawaii Revised Statutes, Chapter 480;

F. An award for punitive damages;

G. An award to Plaintiff of reasonable attorneys' fees and costs incurred herein; and

H. Such other and further relief as the Court may deem just and proper under the circumstances.

DATED:  Honolulu, Hawaii, November 2, 2016

/s/ David R. Squeri
_____
DAVID R. SQUERI

Attorney for Plaintiff
DANIEL RODERICK TALHELM

24